**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00083-MR**

| | |
|---|---|
| **CHATHAM STEEL CORP., A Foreign Corporation** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **MEMORANDUM OF** |
| **MITCHELL WELDING, INC., A North Carolina Corporation, FRED L. STOUT, an individual, JOHN C. STOUT, an individual and CLARANN STOUT DIXON, an individual** ) | **OPINION AND ORDER** |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 28].

## I. PROCEDURAL BACKGROUND

On April 24, 2015, the Plaintiff filed its Complaint against the Defendants, alleging diversity of citizenship and an amount in controversy exceeding $75,000. [Doc. 1]. In its Complaint, Plaintiff alleges four counts against the Defendants. [Id.]. In Count I, breach of contract, Plaintiff alleges that Mitchell Welding, Inc. ("Mitchell") purchased $763,531.57 in materials from the Plaintiff pursuant to its credit agreement with Plaintiff, and that Mitchell has failed to pay for the materials pursuant to the terms of that credit

agreement.  [Id. at 4-5].  In Count II, breach of contract, Plaintiff alleges that John C. Stout and Clarann Dixon Stout executed a promissory note in favor of Plaintiff in December 2011, in the original principal amount of $547,570.00. Plaintiff further alleges that the Defendants have failed to make payments pursuant to the terms of that note from December 2013 to present, and that a balance remains due and owing in the principal amount of $392,750.50. [Id. at 5-7].  In Count III, Plaintiff alleges an action on open account against Mitchell in the principal amount of $763,531.57, which has been due and owing since August 22, 2014.  [Id. at 7-8].  In Count IV, action on personal guaranty, Plaintiff alleges that Fred Stout and John Stout executed personal guaranties for Mitchell's account with the Plaintiff, that the Plaintiff has demanded payment from the Defendants for the amount owed by Mitchell, and that the Defendants have failed to pay pursuant to their guaranties.  [Id. at 8-9].  The Plaintiff later amended Count IV of its Complaint to add Clarann Dixon Stout as a third defendant-guarantor of Mitchell's indebtedness to Plaintiff.  [Doc. 17].

The Defendants timely answered Plaintiff's Complaint and Amended Complaint.  [Docs. 10, 18, 23 (Amendment to Answer to Amended Complaint)].  On June 15, 2016, Plaintiff filed a Motion for Summary Judgment.  [Doc. 28].  The Defendants did not file a Response.  [See

Docket].  On July 13, 2016, the Plaintiff and Defendant Fred Stout filed a stipulation of dismissal as to Fred Stout [Doc. 32], and the remaining parties stipulated to waiving a jury trial [Doc. 33].

This matter is now ripe for disposition.

## II.    DISCUSSION

A party seeking summary judgment must present a forecast of evidence that, if believed by a jury, would support judgment in favor of the movant.  See Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).  Where, as here, the Defendants do not file a response to Plaintiff's motion for summary judgment, this Court treats the Plaintiff's forecast of evidence as undisputed.  See Id.  In the instant matter, even though the Defendants have not controverted any of the evidence forecasted by the Plaintiff, the undisputed evidence is inadequate to support judgment in favor of the Plaintiff on all counts.

As an initial matter, in Plaintiff's Motion for Summary Judgment, the Plaintiff references the deposition testimony of Clarann Stout Dixon, but the Plaintiff has not presented any part of that deposition transcript to the Court. Therefore, Plaintiff's arguments that rely upon this testimony are unsupported by the record.  The Plaintiff has, however, presented for the record the affidavit of Britt Griffin.  [Doc. 29-4].  Moreover, because the

Defendants did not respond to Plaintiff's motion for summary judgment, the facts established by Griffin's testimony, summarized below, are treated as undisputed for the purposes of this motion. See Custer, 12 F.3d at 416.

On or about February 16, 1999, Defendant Mitchell executed a credit application and agreement with Plaintiff Chatham Steel Corporation ("Chatham"), whereby Chatham agreed to supply structural and miscellaneous steel materials to Mitchell on open account. [Doc. 29-4 at 3]. At that time, Defendant John C. Stout executed a personal guaranty for Mitchell. [Id.].[1] On or about July 13, 2007, Mitchell executed a new credit application with Chatham. [Id.] "Defendants John C. Stout and Clarann S. Dixon executed personal guaranties as part of the 2007 credit application whereby they both guaranteed the debts of Mitchell." [Id.]. These guaranties provided that the guarantors would make payment "when due and not of collection only . . . ." [Doc. 29-4 at 13]. Between October 16, 2012 and August 22, 2014, pursuant to its credit applications, Defendant Mitchell purchased goods from the Plaintiff in varying amounts which, when

---

[1] The 1999 guaranty appears to limit liability to $20,000. All the invoices at issue herein, however, are subsequent to the 2007 guaranty, which does not have such limitation. Hence, the limitation of liability in the 1999 guaranty appears to be of no consequence in this matter.

combined, equal a principal indebtedness in the amount of $763,531.57. [Doc. 29-4 at 4, 15-22].

Based upon the undisputed facts above, this Court makes the following conclusions of law.

### A.    Count I: Breach of Contract

These undisputed facts show that Plaintiff is entitled to judgment as a matter of law against Defendant Mitchell with regard to the debt owed for the goods purchased on credit, and that the aggregate amount of such debt is $763,531.57.

### B.    Count II: Breach of Contract

As to Count II, the Plaintiff has failed to show that it is entitled to judgment as a matter of law against Defendants John C. Stout and Clarann Dixon Stout, because the movant-Plaintiff has failed to present a forecast of evidence in support of its claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986) (noting that movant who bears the burden of persuasion must support its motion with "credible evidence" specified in Rule 56(c)).

In the instant matter, Plaintiff's evidence -- the affidavit of Britt Griffin – says nothing of a promissory note executed by Defendants Stout and Dixon. To the contrary, Griffin testifies that Mitchell is "indebted to Plaintiff in the amount of $392,750.50 pursuant to an oral agreement . . . ." [Doc. 29-4 at

4].[2] Plaintiff's Complaint, on the other hand, alleges a claim against Stout and Dixon, not Mitchell. [Doc. 1 at ¶¶ 24-28]. The Complaint was unverified [See Doc. 1], however, and the Defendants denied the relevant allegations in their Answer. [Doc. 10 at ¶¶ 24-28].

A plaintiff seeking summary judgment must present a forecast of evidence supporting its allegations, such as affidavits, depositions, or stipulations. Fed. R. Civ. P. 56. Because the Plaintiff has presented no record to support its entitlement to judgment on the allegations it has made in Count II, Plaintiff's Motion for Summary Judgment must be denied.

### C. Count III: Action on Account

In Count III of its Complaint, Plaintiff alleges an action on open account against Mitchell in the principal amount of $763,531.57, which has been due and owing since August 22, 2014. Notably, the amount complained of as being owed pursuant to an "open account" in Count III appears to be the same debt that Plaintiff alleges is owed for unpaid invoices in Count I. Moreover, the Griffin affidavit presents no record regarding the alleged open account – only that of unpaid invoices. [See Doc. 29-4 at 4]. Therefore, to

---

[2] In addition to identifying a defendant against whom a claim for breach of oral agreement has not been made, Griffin's testimony fails to specifically identify the alleged oral agreement, its terms, the parties thereto, or whether the agreement is in default. [See Doc. 29-4 at 4].

the extent that Count III represents a claim for a debt that is different from the debt pursued in Count I, it is unsupported by the record. To the extent that Count III seeks a double recovery of the same debt alleged in Count I, it is denied. Accordingly, summary judgment as to Count III is denied.

### D. Count IV: Action on Personal Guaranty

The undisputed facts show that Defendants John C. Stout and Clarann Stout Dixon guaranteed the debts of Mitchell incurred pursuant to the credit agreement. Plaintiff, being entitled to summary judgment against Mitchell on Count I, is also entitled to judgment as a matter of law in the amount of $763,531.57 against Defendants John C. Stout and Clarann Stout Dixon.

### O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 28] is **GRANTED IN PART AND DENIED IN PART.** Specifically, the Plaintiff's Motion is **GRANTED** with respect to **Counts I** and **IV**. In all other respects, the Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 1, 2016

Martin Reidinger
United States District Judge